**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE BAILEY, III, | No. 10-17750 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-02067-GEB-EFB |
| v. | |
| J. WEDELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

   Willie Bailey, III, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical needs.  We have jurisdiction

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Bailey failed to raise a genuine dispute of material fact as to whether defendants Penner, Turella, or Howard were involved in or had any control over ordering, scheduling, or performing the relevant surgeries. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983; plaintiff must show personal involvement in alleged violations); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." (alteration, citation, and internal quotation marks omitted)).

Bailey's remaining contentions are unpersuasive.

**AFFIRMED.**